UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------X
JON VANAMRINGE, individually and on      :
behalf of all others similarly situated, :
                                         :   06 Civ. 0822 (RJH)
                                         :
              Plaintiffs,                :
                                         :
       - against -                       :
                                         :
ROYAL GROUP TECHNOLOGIES LTD,            :
DOUGLAS DUNSMUIR, GARY BROWN,            :
VIC DE ZEN, and RON GOEGAN,              :
                                         :
              Defendants.                :
                                         :
------------------------------------X
LEWIS R. MESSINGER, individually and on  :
behalf of all others similarly situated, :
                                         :   06 Civ. 0876 (KMW)
                                         :
              Plaintiffs,                :
                                         :
       - against -                       :
                                         :
ROYAL GROUP TECHNOLOGIES LTD,            :   MEMORANDUM OPINION
VIC DE ZEN, DOUGLAS DUNSMUIR,            :   AND ORDER
GARY BROWN, and RON GOEGAN,              :
                                         :
              Defendants.                :
                                         :
------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/26/06

Presently before this Court are two related securities fraud actions against Royal Group Technologies Limited ("Royal Group"), a Canadian corporation, and several of its key officers and directors during the putative class period (collectively, "defendants"). Both actions allege that between February 24, 2000 and October 18, 2004, inclusive (the "class period"), defendants carried out a fraudulent scheme, through the dissemination of

1

materially false and misleading statements and reports, to defraud the investing public, artificially inflate and maintain the market price of Royal Group's publicly traded securities, thereby causing plaintiffs and other similarly situated investors to purchase Royal Group's securities at artificially inflated prices, in violation of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), and the rules and regulations promulgated thereunder.

The first-filed of these actions, captioned *Vanamringe v. Royal Group Technologies Limited*, 06 Civ. 0822 (RJH) was filed February 2, 2006. The second-filed action, captioned *Messinger v. Royal Group Technologies Limited*, 06 Civ. 0876 (KMW) was filed February 3, 2006. By motion dated April 3, 2006, plaintiffs Phillip Zipin, Marcia B. Snow, and Lewis R. Messinger (the "Snow Group") moved the Court for an order to consolidate the two above-captioned and related actions, to appoint the Snow Group as lead plaintiff for the putative class pursuant to Section 21D(a)(3)(B) of the Exchange Act, 15 U.S.C. § 78u-4(a)(3)(B), and to approve their selection of Lerach Coughlin Stoia Geller Rudman & Robbins LLP ("Lerach Coughlin") and Labaton Sucharow & Rudoff LLP ("Labaton Sucharow") as co-lead counsel.

The Snow Group seeks to serve as lead plaintiff on behalf of themselves and (1) all United States citizens and entities that purchased or otherwise acquired the publicly traded securities of Royal Group on the New York Stock Exchange ("NYSE") or the Toronto Stock Exchange and (2) all foreign persons and entities that purchased or otherwise acquired the publicly traded securities of Royal Group on the NYSE, during the class period, alleging violations of Sections 10(b) and 20(a) of the Exchange Act and the rules and regulations promulgated thereunder.

A prior related consolidated action against the same defendants named here but brought by Canadian plaintiffs, and arising out of the same course of alleged conduct, was dismissed without prejudice on *forum non conveniens* grounds in favor of a Canadian forum in an opinion issued by the Hon. Harold Baer, Jr. *See In re Royal Group Techs. Sec. Litig.*, 04 Civ. 9809 (HB), 2005 WL 3105341 (S.D.N.Y. Nov. 21, 2005). At a status conference held in this matter on June 22, 2006, defendants indicated that one of the lead plaintiffs in the former action, Canadian Commercial Workers Industry Pension Plan, has since filed a similar complaint in Canada alleging violations of Canadian securities laws. Defendants further represented that they intend to file consolidated motions to dismiss the consolidated complaint in this action based on, *inter alia, forum non conveniens*, subject matter jurisdiction, preclusion, statute of limitations, and personal jurisdiction (as to individual defendants) grounds. At this stage, it is inappropriate to consider any of these potential bases for dismissal, and only the pending motion to consolidate and appoint lead plaintiff and counsel will be addressed below.

## DISCUSSION

I. Consolidation of Actions

Because the above-captioned actions arise out of or are related to the same allegations, the Court hereby consolidates the aforementioned cases for all purposes, as stated on the record at a conference held June 22, 2006. The caption of this consolidated action shall be hereinafter referred to as "*In re Royal Group Technologies Securities Litigation.*" All relevant documents and submissions shall be maintained as one file under Master File No. 06 Civ. 0822 (RJH). Any other actions now pending or later filed

3

in this district that arise out of or are related to the same facts as alleged in the above cases shall be consolidated for all purposes, if and when they are brought to this Court's attention, whether by application to the Court or otherwise.

II.     Appointment of Lead Plaintiff

    *A.     The Notice and Filing Requirements under the PSLRA*

The Private Securities Litigation Reform Act of 1995 ("PSLRA"), Pub. L. No. 104-67, 109 Stat. 737 (codified in part at 15 U.S.C. §§ 77-z-1, 78u-4), sets forth the procedures governing the appointment of lead plaintiff in "each action arising under the [Securities and Exchange Act of 1934] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1). As an initial matter, the PSLRA requires the plaintiff in the initial action to cause a notice to be published in a national, business-oriented publication within 20 days of filing the complaint. 15 U.S.C. §78u-4(a)(3)(A)(i). The notice must inform members of the purported class of (1) the details and pendency of the action; and (2) their right to seek appointment as lead plaintiff within sixty days after the date on which notice is published. *Id.* Within ninety days after the publication of such notice, a court shall consider any motion made by any class member, regardless of whether they are individually named as plaintiffs in any one action, and shall appoint the "most adequate plaintiff" as lead plaintiff. 15 U.S.C. §78u-4(a)(3)(B)(i).

In connection with the filing of the *Vanamringe* action, noticed was published by Lerach Coughlin and Labaton Sucharow on January 27, 2006, as amended by a notice published on February 8, 2006. The notice advised purchasers of Royal Group stock of the pendency of the action, the claims asserted therein, the purported class action period

4

and the right of any class member to seek appointment as lead plaintiff. Accordingly, the notice satisfied the requirements of the PSLRA and triggered the sixty-day period in which class members could move to be appointed as lead plaintiff.

Only the Snow Group has filed such an application, and they did so within the sixty-day period. Accordingly, only the Snow Group has satisfied the procedural requirements of the PSLRA.

### B. *The Most Adequate Plaintiff*

In 1995, Congress enacted the PSLRA to address perceived abuses in securities fraud class actions created by lawyer-driven litigation. *Ferrari v. Impath, Inc.*, 2004 WL 1637053, at *3 (S.D.N.Y. July 20, 2004); *see* H.R. Conf. Rep. No. 104-369 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730. The PSLRA sought to ensure that "parties with significant holdings in issuers, whose interests are more strongly aligned with the class of shareholders, will participate in the litigation and exercise control over the selection and actions of plaintiffs counsel." *Ferrari*, 2004 WL 1637053, at *3 (internal citations and quotations omitted). As such, Congress sought to encourage institutional investors and other class members with large amounts at stake to step forward as the ideal lead plaintiffs in private securities litigation. *See* H.R. Conf. Rep. No. 104-369; *Weiss v. Friedman, Billings, Ramsey Group, Inc.*, 2006 WL 197036 at *2 (S.D.N.Y. Jan. 25, 2006).

The PSLRA thus provides that the most adequate plaintiff has (1) "the largest financial interest" in the relief sought by the class and (2) satisfies the requirements set forth in Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. §78u-4(a)(3)(B)(iii). In light of the PSLRA's silence in prescribing a method for assessing a movant's

5

financial interest, courts have examined several factors such as: "(1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered." *Pirelli Armstrong Tire Corp. v. LaBranche & Co., Inc.*, 2004 WL 1179311, at *7 (S.D.N.Y. May 27, 2004) (quoting *Lax v. First Merchants Acceptance Corp.*, 1997 WL 461036, at *5 (N.D. Ill. Aug. 11, 1997)); *The Constance Sczesny Trust v. KPMG LLP, et al.*, 223 F.R.D. 319, 323 (S.D.N.Y. 2004); *Ferrari*, 2004 WL 1637053, at *4.

The Snow Group has asserted that to the best of its knowledge, it has the greatest financial interest of any moving class member or plaintiff who has brought suit or filed an application to serve as lead plaintiff. Indeed, the Snow Group is the only class member or plaintiff seeking to be appointed lead plaintiff. Documentation has been submitted to establish that during the class period, the Snow Group purchased 843 shares of Royal Group securities and lost $6,466.74. (*See* Rosenfeld Decl. Exs. A, B.) In the absence of applications from other shareholders, the Court concludes that the Snow Group's alleged loss best qualifies it to serve as lead plaintiff. *Bassin v. deCODE Genetics, Inc.*, 230 F.R.D. 313, 316 (S.D.N.Y. 2005).

However, the Snow Group must also satisfy the requirements articulated in Rule 23. Rule 23 sets forth four prerequisites—universally referred to as numerosity, commonality, typicality and adequacy—to be considered in evaluating the propriety of class certification, although only the typicality and adequacy criteria are relevant to the selection of lead plaintiff. *The Constance Sczesny Trust*, 223 F.R.D. at 323–24. The Snow Group's typicality is easily met here as its "claim arises from the same course of

events" and "each class member makes similar legal arguments to prove the defendants' liability" even if there are minor variations in the factual allegations. *Id.* at 324 (internal citations and quotations omitted). The Snow Group, like the other purported class members in this action, has asserted that it purchased or otherwise acquired Royal Group shares during the class period in reliance on the allegedly false and misleading statements issued by defendants, and suffered damages thereby.

Similarly, the Court is convinced that the Snow Group "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). In evaluating adequacy, courts have assessed factors such as: (1) the size, available resources and experience of the proposed lead plaintiff, *Pirelli Armstrong Tire Corp.*, 2004 WL 1179311 at *20 (citing cases); (2) the qualifications of the proposed class counsel, *The Constance Sczesny Trust*, 223 F.R.D. at 324 (citing *In re Deutsche Telekom Ag Sec. Litig.*, 229 F. Supp. 2d 277, 282 (S.D.N.Y. 2002)); and (3) any potential conflicts or antagonisms rising among purported class members. *In re Deutsche Telekom Ag*, 229 F. Supp. 2d at 282 (citations omitted). The members of the Snow Group indicated in their certifications that they are willing to assume the responsibilities of lead plaintiff and class representation. (Rosenfeld Decl. Ex. A.)

### III. Appointment of Co-Lead Counsel

The Snow Group has further moved to designate their selected law firms, Lerach Coughlin and Labaton Sucharow, as co-lead counsel. The PSLRA provides that the "most adequate plaintiff shall, subject to the approval of the court, select and retain counsel." 15 U.S.C. §78u-4(a)(3)(B)(v). The resumés submitted by the Snow Group

show that Lerach Coughlin and Labaton Sucharow are competent counsel, experienced in the type of prosecution at issue here. (Rosenfeld Decl. Exs. D, E.)

## CONCLUSION

The Court grants the Snow Group's motion [4] to consolidate related actions, for appointment as lead plaintiff, and designates Lerach Coughlin and Labaton Sucharow as co-lead counsel. The Clerk of the Court shall file a copy of this Order in the separate file for each of the above-captioned actions and any other related individual action hereafter filed in, or hereafter transferred to, this Court.

SO ORDERED.

Dated: New York, New York
July 26, 2006

Richard J. Holwell
United States District Judge